UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOE N. GRIFFIN,

   Petitioner,

v.           CASE NO. 6:11-cv-1502-Orl-36KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

   Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 11). Petitioner filed a reply and two amended replies to the response (Doc. Nos. 13, 15, 16).

Petitioner alleges one claim for relief in his petition: the state court's failure to conduct an evidentiary hearing on his claim of newly discovered evidence of actual innocence violated his right to due process. As discussed hereinafter, the petition is denied.

## I. *Procedural and Factual History*

In 1981 Petitioner was charged with armed robbery, sexual battery, and kidnaping. At trial, the victim, a non-English speaking tourist, testified that she approached an

African-American man, whom she thought was an employee of the hotel, for assistance. According to the victim, she had seen the man talking to the hotel clerk at the front desk prior to approaching him.  The man told the victim his name was Peter and indicated she should follow him.  Then he took her purse, forced her into an unoccupied room on the fourth floor at gunpoint, robbed her of $6,000, and raped her.  The victim testified that she locked the door of the room with the chain and the door lock after the perpetrator left.  She then jumped from the fourth floor balcony to the third floor balcony and then attempted to jump to the second floor balcony but lost her grip and fell to the ground.  The victim was able to go to the hotel lobby by breaking a glass into a hotel room and then entering the lobby.  The victim described the perpetrator's clothing but could not identify Petitioner as the perpetrator.

Nevertheless, the hotel desk clerk testified that Petitioner was the man with whom she was speaking on the morning of the offenses. The clerk said that Petitioner had been hanging around the hotel in the days preceding the offenses, he had filed a job application at the hotel, and he was wearing clothing matching the description given by the victim. Petitioner's fingerprint was found on the door by the lock inside room 440, the room in which the sexual battery occurred.  Moreover, on the date of the offenses, Petitioner, who had not been employed for several years prior to the offenses, purchased a vehicle for $1,800 in cash.[1]

---

[1]Petitioner had been incarcerated until several days before the date of the offenses.

Petitioner initially denied being at the hotel at the time of the incident and denied ever entering any of the hotel rooms.   However, at trial, Petitioner testified that he was at the hotel on the date of the incident and on previous dates had been in some of the rooms to assist guests and hotel employees.

The jury found Petitioner guilty as charged.  The state court sentenced Petitioner to three life sentences.  Petitioner appealed.  In 1982, the Fifth District Court of Appeal of Florida affirmed *per curiam*.

In 2005, Petitioner filed a motion for post-conviction testing pursuant to Rule 3.853 of the Florida Rules of Criminal Procedure.  The state court denied the motion after several hearings, concluding that any evidence had been destroyed with no indication of bad faith by the State.  Petitioner did not appeal the decision.

On July 28, 2009, Petitioner filed a post-conviction motion pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure alleging newly discovered evidence.  In support of his motion, Petitioner filed the affidavits of two inmates, Matthew Armitage ("Armitage") and Derrick Evans ("Evans").  Armitage, who is Caucasian, attested that he committed the offenses and threatened to kill the victim if she did not tell the police that an African-American male committed the offenses. Evans attested that he heard Armitage confess to committing the offenses.   The trial court denied the motion, concluding no reasonable probability existed that their testimony would overcome the evidence of Petitioner's guilt.  Petitioner appealed.  On February 15, 2011, the Fifth District Court of Appeal affirmed *per curiam*.  Mandate was issued on March 9, 2011.  Petitioner filed the

instant petition on September 6, 2011.[2]

## II.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a

claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   A state court's summary denial of a claim, absent explanation,

qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Calliper*,

527 F.3d 1144, 1146 (11th Cir. 2008).

As contemplated by Section 2254(d)(1), "clearly established federal law" consists

of the governing legal principles, rather than the dicta, set forth in the decisions of the

Supreme Court of the United States at the time the state court issues its decision. *Carey v.*

*Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).   A

decision is "contrary to" clearly established federal law if the state court either: (1) applied

a rule that contradicts the governing law set forth by Supreme Court case law; or (2)

reached a different result from the Supreme Court when faced with materially

indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v.*

*Esparza*, 540 U.S. 12, 16 (2003).

---

[2]Respondents concede that the petition was timely filed.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents pursuant to Section 2254(d)(1) if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Patton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir.2000) or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406).  The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75–77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17–18; *Ward*, 592 F.3d at 1155.

Finally, the Supreme Court has clarified that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003) (dictum).  When reviewing a state court's finding of fact, federal courts must presume that the state court's determination of a factual issue is correct, and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see, e.g., Miller–El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence");

*Jones v. Walker*, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact.").

### III.   *Analysis*

Petitioner contends that the state court violated his right to due process by failing to conduct an evidentiary hearing on his claim of newly discovered evidence.  Respondents contend that Petitioner's claim is procedurally barred and otherwise subject to denial pursuant to Section 2254(d).

Respondents failed to file Petitioner's brief on appeal from the denial of his Rule 3.850 motion.  Consequently, the Court cannot conclude that Petitioner failed to raise a due process claim in the state court, thereby resulting in the claim being unexhausted and procedurally barred.  Accordingly, the Court will consider the merits of Petitioner's claim.

In *Spradley v. Dugger*, 825 F.2d 1566 (11th Cir. 1987), the petitioner argued that the state trial court violated his due process rights when it denied his Rule 3.850 motion without conducting an evidentiary hearing and attaching those portions of the record on which it relied in denying relief.  The Eleventh Circuit Court of Appeals held that the state trial court's alleged errors in the Rule 3.850 proceedings did not undermine the validity of the petitioner's conviction; therefore, the claim went to issues unrelated to the cause of the petitioner's detention, and it did not state a basis for habeas relief.  *Id.* at 1567; *see also*

6

*Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984) ( "Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.") (quotation omitted) (citation omitted). Thus, if Petitioner is alleging error in the state post-conviction review process, his claim is not cognizable.

Likewise, assuming that Petitioner is attempting to assert a claim of actual innocence, the claim is not cognizable on habeas review and is otherwise subject to denial pursuant to Section 2254(d). A claim of actual innocence based on newly discovered evidence is not cognizable in habeas proceedings because federal habeas relief is designed to rectify constitutional violations, rather than factual errors. *See Herrera v. Collins,* 506 U.S. 390, 390-91 (1993) ("[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceedings."); *Townsend v. Sain*, 372 U.S. 293 (1963) ("[T]he existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not ground for relief on federal habeas corpus."); *Jordan v. Sec'y, Dep't. of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("For what it is worth, our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases."); *Drake v. Francis*, 727 F.2d 990, 993 (11th Cir. 1984) ("In order for a claim of newly discovered evidence to justify habeas review, the evidence must bear on the constitutionality of the defendant's conviction.").

Petitioner has not asserted that a constitutional violation occurred in the course of his trial.

Moreover, even assuming a claim of actual innocence was cognizable on habeas review, Petitioner has failed to demonstrate that he is actually innocent of the offenses. "An actual-innocence claim must be supported 'with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 530-31 (11th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To satisfy the "'threshold showing of innocence' justifying 'a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 531 (quoting *Schlup*, 513 U.S. at 317). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The state court concluded that the affidavits of Armitage and Evans were not sufficiently credible to overcome the substantial evidence of Petitioner's guilt. This Court agrees. As discussed *supra,* the evidence established that the man who raped the victim was an African-American man she observed at the front desk on the morning of the incident. The victim described Petitioner's clothing, and the front desk clerk testified that Petitioner, who she had seen numerous times, was the individual at the front desk that morning. Thus, contrary to Armitage's attestation, the offenses were perpetrated by an African-American male and not a Caucasian male. Moreover, Petitioner's fingerprint was found inside the room where the offenses occurred, and he purchased a vehicle with a

8

large sum of cash on the afternoon of the offenses.

The Court further notes that Armitage's attestations that he forced the victim to lie about the race of the perpetrator and the type of weapon used during the offenses by threatening her with death are not rational.  If the victim had feared for her life as suggested by Armitage, she did not have to report the offenses to the police and simply could have returned to Venezuela.  Additionally, it is incredible to believe that the victim would have returned to the United States in order to participate in the prosecution of an individual she knew was innocent.

In sum, the Court concludes that Armitage's and Evan's  affidavits are not reliable and do not overcome the evidence of Petitioner's guilt.  Armitage waited approximately thirty years after the offenses to confess his guilt.  *See, e.g., Milton*, 347 F. App'x at 531-32 (noting that reliability of affidavits may be called into question by substantial delay in submission of affidavits from time of offenses); *see also Schlup*, 513 U.S. at 332 (noting that "the court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence").  Furthermore, Armitage and Evans are convicted felons who are incarcerated with Petitioner, which further calls their credibility into question.  *See, e.g., Milton*, 347 F. App'x at 532 (reasoning reliability of affiants was called into question because they were friends or family members of the petitioner).  Accordingly, to the extent Petitioner's claim is cognizable, it is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to

be without merit.

### IV.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).   When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934.   However, a  prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.   Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Joe N. Griffin is

**DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to enter judgment accordingly and close

this case.

**DONE AND ORDERED** in Orlando, Florida, this 15th day of January, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 1/15
Joe N. Griffin
Counsel of Record